RECEIVED & FILED

14 JUN 16 P2:08

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIDEL H. PAJARILLO,<br><br>    Debtor.<br>_____<br><br>FIDEL H. PAJARILLO,<br><br>    Appellant,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC et al.,<br><br>    Appellees.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 2:13-cv-01935-RCJ<br>             Adv. No. 13-ap-1053-BAM<br>             Bankr. No. 13-bk-12137-BAM<br><br>             **ORDER** |

       Debtor–Appellant Fidel H. Pajarillo filed the present adversary proceeding to quiet title real property in Las Vegas. Several Appellees moved to dismiss because the property had been sold at an HOA foreclosure sale, such that Plaintiff could assert no further interest in the property. The bankruptcy judge granted the motion after a hearing. Appellant appealed to the Bankruptcy Appellate Panel ("BAP"), but one or more Appellees requested the present forum, so the BAP transferred the appeal here. Appellant filed no opening brief by November 8, 2013, as the BAP had ordered. Nor did he file an opening brief by December 7, 2013, in accordance with the request for extension of time he improperly filed in the underlying bankruptcy case. Nor did he file an opening brief by January 8, 2014, in accordance with the second request for extension

of time he again improperly filed in the underlying bankruptcy case. Appellees moved to dismiss the appeal. Appellant did not timely respond, and the Court granted the motion for failure to prosecute the appeal. *See* Local. R. Bankr. P. 8070(a).

Appellant has field a Motion to Reconsider (ECF No. 9). The Court interprets the motion as a motion for a rehearing under Bankruptcy Rule 8015. The motion was filed within fourteen days of the order, and it is therefore timely. *See* Fed. R. Bankr. P. 8015.

First, Plaintiff objects to the Court's characterization of the Adversary Complaint as one for quiet title. Appellant argues that his claim was only for declaratory judgment as to all parties' interests in the relevant real property. But a declaratory judgment action seeking that kind of declaration is by definition a quiet title action. *See Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948) ("For many years prior to the adoption of [declaratory judgment] statutes courts have nonetheless been rendering declaratory judgments, that is, the declaration of the pre-existing rights of the litigants without any coercive decree, in such cases as quiet title suits . . . ."). The only difference is the title, not the substance, of the action.

Second and third, Plaintiff argues that the adversary complaint was non-core. Plaintiff is clearly correct that a quiet title action is non-core, because it is neither a cause of action created by the Bankruptcy Code nor an administrative matter arising only in bankruptcy. *See In re Eastport Assocs.*, 935 F.2d 1071, 1076–77 (9th Cir. 1991) (quoting *In re Wood*, 825 F.2d 90, 9697 (5th Cir. 1987)). If the Court were to address the case on the merits, therefore, it would have to review all issues of law and fact de novo, because the Bankruptcy Court cannot have issued a final judgment on a non-core claim. *See* 28 U.S.C. § 157(c)(1). But the appeal, which was dismissed for failure to prosecute, and Plaintiff makes no argument why the appeal should not have been dismissed for failure to prosecute.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge